Determination annulled, and relator restored to his position.

---

GRACE A. KEYES, Appellant, *v.* WILLIAM H. MANNING and JOHN WOOD, JR., as Executors, etc., of SETH C. KEYES, Deceased, Appellants, Impleaded with AMELIA A. NORTON and Others, Respondents.

*Trusts for the lives of three children — remainder to grandchildren — when the grandchildren take as a class.*

A testator, by his will, after creating a trust in favor of each of his children, Amelia, Grace and Seth, during their lives, provided as follows : " At the death of said Seth C. Keyes, Jr., my trustees shall give his one-third share in my estate (or so much thereof as may remain) to his lawful issue, to have and to hold to them, their heirs and assigns forever. Should he leave no such issue, then said share (or so much thereof as may remain) shall be distributed equally between the lawful issue of my daughters, Amelia A. Norton and Grace A. Keyes. Should said Grace A. Keyes leave no such lawful issue, then said share (or so much thereof as may remain) shall be given to the children of said Amelia A. Norton, to have and to hold, to them, their heirs and assigns forever."

Seth C. Keyes, Jr., after the death of the testator, died intestate, without issue, and without leaving a father or mother, and leaving him surviving his only heirs at law and next of kin, his two sisters, Amelia and Grace.

*Held,* that the share of the testator's son Seth went, at the time of his death, to the lawful issue of his two sisters as a class.

APPEAL by the plaintiff, Grace A. Keyes, and by the defendants, William H. Manning and John Wood, Jr., as executors of the last

will and testament of Seth C. Keyes, deceased, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 5th day of February, 1895, upon the decision of the court rendered after a trial at the Kings County Special Term, construing the last will and testament of Seth C. Keyes, deceased.

The testator by his will gave his property to his executors and trustees.

" In trust, nevertheless, for the following uses and purposes, to wit :

" I. To receive and collect the rents, issues, income and profits thereof, to repair and keep insured all real estate, to pay all taxes and assessments, whether on real or personal property, to invest the same and keep the same invested.

" II. To sell and dispose of the same in their discretion, and when sold to divide the same, or the proceeds thereof, into three equal shares, and to hold one of said parts for each of my children, to wit : Amelia A. Norton, wife of Charles E. Norton, Seth C. Keyes, Jr., and Grace A. Keyes, during his or her natural life, and to give, apply and pay over to each one the income or interest of the part or share so set apart so long as he or she shall live for him or her.

" III. To give or apply to either or all of my said children the whole or any part of the principal of the share so set apart for him, her or them, should my said trustees in their discretion consider that the best interests of such child or children will be promoted by such payment of principal ; it is my will, however, that my said trustees shall have absolute control of the said principal, and that my children shall have no right to require from them the payment of anything beyond the net income of my said estate.

" IV. At the death of said Amelia A. Norton, said trustees shall give the principal of the share so set apart for her (or so much thereof as may remain) to her children, to have and to hold to them, their heirs and assigns forever.

" V. At the death of said Grace A. Keyes, should she leave no lawful issue her surviving, then my trustees shall give her one-third share in my said estate (or so much thereof as may remain) to the children of the said Amelia A. Norton, to them, their heirs and assigns forever ; but should the said Grace A. Keyes leave lawful issue her surviving, then such one-third share (or so much thereof

as may remain) shall be given to her said children, to have and to hold to them, their heirs and assigns forever.

* " V. At the death of said Seth C. Keyes, Jr., my trustees shall give his one-third share in my estate (or so much thereof as may remain) to his lawful issue, to have and to hold to them, their heirs and assigns forever; should he leave no such issue, then said share (or so much thereof as may remain) shall be distributed equally between the lawful issue of my daughters, Amelia A. Norton and Grace A. Keyes; should said Grace A. Keyes leave no such lawful issue, then said share (or so much thereof as may remain) shall be given to the children of said Amelia A. Norton, to have and to hold to them, their heirs and assigns forever.

* " IV. I authorize and empower my said executors and trustees, in their discretion, to sell, convey, mortgage or lease any real estate of which I may die seized or entitled unto."

*Samuel W. Bower*, for the plaintiff, appellant.

*Russell, Poste & Percy*, for the executors, appellants.

*William J. Carr*, for the respondent Norton.

*Farnham & Stevens*, for the respondent Hilliard.

DYKMAN, J.:

This action was commenced by the plaintiff, who was a daughter and legatee of Seth C. Keyes, deceased, against the executors and other legatees and next of kin, to obtain a judicial construction of the will of her father, and for judgment directing the executors to pay to her such share as she may be entitled to receive.

The testator, Seth C. Keyes, died on the 7th day of January, 1893, leaving him surviving his only heirs at law and next of kin three children, to wit: Amelia A. Norton, Grace A. Keyes and Seth C. Keyes, Jr.

The will was proved and admitted to probate on the 26th day of January, 1893, and letters testamentary were issued to the defendants William H. Manning and John Wood, Jr., and they took possession of the estate which amounted to about the sum of $15,000.

Seth C. Keyes, Jr., died on the 11th day of June, 1893, intestate, without issue and without leaving father or mother, and leaving him

---

* *Sic.*

surviving his only heirs at law and next of kin, his two sisters, Amelia A. Norton and Grace A. Keyes. The scheme of the will of the testator is obvious. The entire property is given to the executors in trust, to receive the rents and profits of the same, sell and dispose of the same, and divide the property or the proceeds thereof into three equal shares, and hold one of the said parts for each of the children, Amelia, Grace and Seth, during his and her natural life, and pay over to each one the income of the share so set apart for him or her so long as they live. To give or apply to either a part or the whole of the principal of the share so set apart to him or her, in the discretion of the executors.

The fifth subdivision of the third clause of the will has created the embarrassment, and it reads as follows : " At the death of said Seth C. Keyes, Jr., my trustees shall give his one-third share in my estate (or so much thereof as may remain) to his lawful issue, to have and to hold, to them, their heirs and assigns forever. Should he leave no such issue, then said share (or so much thereof as may remain) shall be distributed equally between the lawful issue of my daughters, Amelia A. Norton and Grace A. Keyes. Should said Grace A. Keyes leave no such lawful issue, then said share (or so much thereof as may remain) shall be given to the children of said Amelia A. Norton, to have and to hold, to them, their heirs and assigns forever."

It is the claim of the plaintiff that the provision in said fifth clause is void because it suspends the power of alienation for more than two lives in being at the death of the testator, to wit, Amelia, Grace and Seth, and that one-third share therein mentioned descends to the plaintiff and her sisters as heirs at law and next of kin of the testator and Seth C. Keyes, Jr., and she seeks a judgment to that effect.

The fund is separated into three shares, and the income upon each share is given to a beneficiary. In effect there are three distinct trusts, or, more properly speaking, a trust in relation to the three distinct funds. The absolute ownership of the fund is not suspended at any time. The title is in the trustees until the death of the life tenant. Then each share vests in the remaindermen. No disposition of income after the death of each life tenant is made, because then the fund goes to the owner. The testator contemplated his grandchildren as the object of his bounty as a class,

because he denominated them as children and not individually. They became tenants in common, and the language employed is equivalent to a direction to pay to the grandchildren.

There is, therefore, no embarrassment in relation to the shares of Amelia and Grace. When the time arrives for the distribution, the share of Amelia is to be given over to her children, and the share of Grace is to be given to the children of Amelia, unless Grace leaves lawful issue, but if she leaves lawful issue her surviving, then her share is to be given to them.

In relation to the fifth clause, which relates to the testator's son Seth, his share went to his issue, but if he left none, then it went to the lawful issue of his two sisters as a class. It was a fluctuating class to be ascertained and determined at the time of the death of the son.

Such is the natural inference from the phrase, "at the death of said Seth C. Keyes, Jr.," at the commencement of the clause.

As no class answered to that description at that time, except the children of Amelia, they must be deemed to have taken the share of the testator's son, Seth. We think, therefore, the will received the proper construction in the court below, and the judgment should be affirmed, with costs to Amelia A. Norton to be paid from the estate.

PRATT, J., concurred; BROWN, P. J., concurred in result.

Judgment affirmed, with costs to Amelia C. Norton to be paid out of the estate.